229 S.W.3d 821 (2007)
In the Interest of M.M.M., a Child.
No. 2-06-470-CV.
Court of Appeals of Texas, Fort Worth.
June 21, 2007.
*822 Holly Crampton, Wichita Falls, for Appellant.
Thomas L. Allensworth, Wichita Falls, for Appellee.
Panel B: DAUPHINOT, GARDNER, and WALKER, JJ.

OPINION
LEE ANN DAUPHINOT, Justice.
Appellant Dennis M. appeals from the trial court's denial of his petition to terminate the parental rights of Appellee Melissa R. to their daughter, M.M.M., who is ten years old. In two issues, Dennis contends that the trial court erred by not filing findings of fact and conclusions of law and that the trial court abused its discretion by denying his petition to terminate. Because we hold that the trial court did not err by not filing findings of fact and conclusions of law and that the trial court did not abuse its discretion by denying termination, we affirm the trial court's order.
In his first issue, Dennis argues that the trial court erred by not filing findings of fact and conclusions of law. The trial occurred on August 31, 2006. On September 14, 2006, the trial court sent the parties a letter stating, "The Court finds that the termination of the parent-child relations[hip] is not in the best interest of the child. The Court denies the termination of parental rights between the child and the mother. Mr. Allensworth should prepare a[] proposed order in accordance with the Court's ruling." The footer of the letter provides, "District Judge's `Letter of Decision'" and "Filed September 14[,] 2006." The letter was indeed filed that same day. The order denying termination was signed more than two months later on November 16, 2006. Although Appellant timely requested findings of fact and conclusions of law and timely reminded the trial court that they had not yet been filed,[1] the trial court did not file postjudgment findings of fact and conclusions of law.
Rule 27.2 of the appellate rules of procedure provides, "The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed."[2] We therefore treat the trial *823 court's finding that termination is not in M.M.M.'s best interest as a finding of fact.[3]
Dennis argues, however, that the trial court's "Letter of Decision" and final order denying termination do not "shed any light on the trial court's reasoning and facts supporting the ruling on best interests." Our sister court in Amarillo has addressed a similar issue in a custody matter:
In her first issue, Michelle argues that, although it entered findings of fact and conclusions of law, the trial court should have made additional findings which pertained "to its two conclusions of law 6 and 7 that it was in the best interests of the child to appoint the parties joint managing conservators and to appoint Appellee as the custodial joint managing conservator." Because those additional findings were not made, she allegedly suffered harm. We overrule the issue. A trial court's duty to enter additional findings of fact and conclusions of law is finite; that is, it need only enter additional findings and conclusions on ultimate or controlling issues. Findings that are evidentiary in nature do not fall within that scope. . . .
Next, authority defines ultimate or controlling issues or facts as those that are essential to the cause of action or defense. If the fact is necessary to form the basis of the judgment, then it is an ultimate or controlling one. In contrast, an evidentiary fact is one that may be considered by the factfinder in deciding the controlling issue and is necessarily embraced in the determination of the ultimate issue. For instance, requests which, in essence, ask the court to explain what it relied on or how it arrived at a particular finding are evidentiary. And, being evidentiary, the trial court need not address them.
. . . .
. . . [T]he ultimate or controlling issue when addressing questions of conservatorship and possession is the best interests of the child. Here, the trial court entered findings of fact and conclusions of law. Therein, it stated that it was "in the best interest of the child to name the parties Joint Managing Conservators," and it was "in the best interests of the child that Michael . . . be named as Joint Managing Conservator who should have the following exclusive rights: (a) [t]o determine the primary residence of the child. . . ." (Emphasis added). Thus, the findings of fact and conclusions of law at bar did expressly address the ultimate or controlling fact essential to the claim and necessary to the judgment executed below. No additional findings were needed. This is especially so when Michelle described the absent findings as those depicting "the basis for giving principal custody of [C.M.A.] to the Appellee" and illustrating "[h]ow or why the trial court decided to name the Appellee as custodial joint managing conservator. . . ." Again, Dura-Stilts tells us that proposed findings which simply address how or why the trial court resolved the ultimate fact in a particular way are merely evidentiary and need not be entered. So, we find no error in the trial court's failure to enter the additional findings sought by Michelle.[4]
*824 Dennis requests findings that address why the trial court found that termination was not in M.M.M.'s best interest. The findings he requests are therefore merely evidentiary, and the trial court had no duty to enter them.[5] Accordingly, we overrule Dennis's first issue.
In his second issue, Dennis contends that the trial court abused its discretion by denying termination and that there is no evidence to support the trial court's ruling. Dennis had the burden to prove, by clear and convincing evidence, that termination was in M.M.M.'s best interest.[6] Melissa had no burden of proof. While the evidence shows that
 Melissa has been in and out of jail for a number of years because of her drug problems,
 Melissa has failed to pay child support for several years and has never paid medical support,
 Melissa has no stability,
 Melissa's lifestyle would pose a danger to M.M.M. were she to get possession of the child,
 Melissa has not seen the child in several years,
 M.M.M. has no desire to see Melissa and does not ask about her,
 M.M.M. is a happy, well-adjusted child who does well in school,
 Dennis and Debbie, his wife, have raised M.M.M. for most of her life, and she considers Debbie to be her mother, and
 Debbie wants to adopt M.M.M., the evidence also shows that
 Dennis and Debbie have refused to allow Melissa to see the child for several years despite the trial court's standard possession order and the parties' alleged rule 11 agreement,
 Melissa would agree to visitation with M.M.M. supervised by Melissa's mother,
 Dennis has been on disability for M.M.M.'s entire life, and
 Debbie has no stable employment.
The evidence is conflicting on the appropriateness of Melissa's mother to supervise visitation and Dennis's alleged drug use in the past. We also note that the child's attorney ad litem did not give a solid recommendation to the trial court regarding termination but stated that Dennis's interference with Melissa's visitation with M.M.M. had not been adequately addressed in the litigation and that he wished M.M.M. could have had counseling. Debbie had earlier testified that M.M.M. did not need counseling.
Considering all the evidence in light of the Holley factors,[7] we cannot say that the trial court abused its discretion by denying termination. Accordingly, we overrule Dennis's second issue.
Having overruled both of Dennis's issues, we affirm the trial court's order denying termination.
NOTES
[1] See TEX.R. CIV. P. 296, 297.
[2] TEX.R.APP. P. 27.2.
[3] See id.; In re C.H., 89 S.W.3d 17, 27 (Tex. 2002) (noting that best interest is an issue for the jury). See also TEX.R. CIV. P. 306c (providing that prematurely filed requests for findings of fact shall be treated as filed on the same date of the judgment but after the time of its signing).
[4] In re Marriage of Jameson, No. 07-02-00476-CV, 2004 WL 237829, at *1-2 (Tex. App.-Amarillo Feb. 9, 2004, pet. denied) (mem.op.) (citations omitted).
[5] See id.; but see In re Marriage of Edwards, 79 S.W.3d 88, 99, 103 (Tex.App.-Texarkana 2002, no pet.) (abating for additional findings of fact, even though one of the conclusions of law provided that appointing the father as sole managing conservator and the mother as possessory conservator was in the best interests of the children, because "the trial court's findings of fact do not contain any facts on which the ultimate issue of the best interests of the children could be predicated").
[6] See TEX. FAM.CODE ANN. §§ 161.005, 161.206(a) (Vernon Supp.2006); In re J.F.C., 96 S.W.3d 256, 263 (Tex.2002).
[7] See Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex.1976).