COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-105-CV

 

IN THE INTEREST OF M.J.G. AND J.M.J.G., CHILDREN                              

 

                                              ------------

 

              FROM THE 271ST DISTRICT COURT OF JACK COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellants Carlos and Sonja
Riviers appeal the trial court=s denial
of their petition in intervention in their daughter and son-in-law=s
divorce proceedings, in which the Rivierses sought custody of their
grandchildren.  Because the Rivierses did
not show that they had standing to intervene in the custody proceedings, we
affirm.








The Rivierses=
daughter, Ricci, married Jacob Reuben G. in 2002.  Ricci and Jacob had two children: a daughter,
M.J.G., and a son, J.M.J.G.  The couple
subsequently separated, and Ricci filed for divorce on June 5, 2006.  The trial court entered temporary orders
appointing Ricci and Jacob temporary joint managing conservators, with Ricci
having the exclusive right to designate the children=s
primary residence.  The trial court also
entered a possession order granting Jacob visitation with the children every
other weekend. 

The Rivierses filed a petition in intervention in
the divorce proceedings on October 6, 2006, requesting the trial court to
appoint them sole managing conservators of the children or, alternatively,
joint managing conservators with the right to establish the children=s
residence.  The Rivierses also requested
a temporary order naming them temporary sole managing conservators of the
children or joint managing conservators with the right to establish the
children=s
residence.








The trial court heard the Rivierses= request
for temporary orders on November 3, 2006. 
All parties were present at the hearing, but only the Rivierses were
represented by counsel.[1]  After hearing testimony from Sonja Riviers and
Ricci, the trial court judge stated that he would hold the next hearing on the
Rivierses= petition in ten days and that,
in the interim, he would order a social study at the Rivierses= expense
and enter a temporary order Anaming
[the Rivierses] as the right -- with the right to establish the domicile until
the next hearing. . . . [W]hat I=m doing
basically is, after the hearing giving [Ricci and Jacob] an opportunity to get
counsel.@ 

The trial court held the next hearing on the
Rivierses= petition as scheduled on
November 13, 2006.  Jacob was present and
represented by counsel, as were the Rivierses; Ricci also was present but was
not represented by counsel.  Sonja,
Jacob, and Ricci all testified.  At the
conclusion of the hearing, the trial court orally denied the Rivierses=
petition in intervention, stating, AThe law
in this area is very specific, and I don=t feel
that the burden of proof has been met.@  Ricci and Jacob were divorced on December 27,
2006; the trial court named both parents as joint managing conservators in the
divorce decree, but this time it named Jacob as the parent with the exclusive
right to designate the children=s
primary residence.  The trial court
subsequently entered findings of fact and conclusions of law requested by the
Rivierses after their petition in intervention was orally denied; the Rivierses
then filed a motion for new trial, which was overruled by operation of
law.  The Rivierses now appeal.

A.  The
Rivierses= Standing to Intervene








Generally, an intervenor must show standing to
maintain an original suit in order to intervene.  Whitworth v. Whitworth, 222 S.W.3d
616, 621 (Tex. App.CHouston [1st Dist.] 2007, no
pet.) (op. on reh=g).  Section 102.003 of the family code lists
persons with general standing to file an original suit affecting the
parent-child relationship (ASAPCR@).  Tex.
Fam. Code Ann. ' 102.003 (Vernon Supp.
2007).  In addition, section 102.004
specifically provides for a grandparent=s
standing to file an original suit if the child=s
present circumstances would significantly impair the child=s
physical health or emotional development. 
Id. ' 102.004(a)(1).  Finally, a grandparent who does not have
standing to file an original suit may still be granted leave to intervene in a
pending suit if the trial court determines that appointment of one or both
parents as managing conservators would significantly impair the child=s
physical health or emotional development. 
Id. ' 102.004(b).  

1.     Standing to maintain an original suit: Actual care, control,
and possession of the children

 








We review the trial court=s
determination of a party=s standing to file a SAPCR by
construing the pleadings in favor of the petitioner and looking to the pleader=s
intent.  See In re SSJ-J, 153
S.W.3d 132, 134 (Tex. App.CSan
Antonio 2004, no pet.) (citing Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993)).  We review the standing issue de
novo.  Id.  Standing is implicit in the concept of
subject-matter jurisdiction, id., and the trial court can consider
evidence on the standing issue when evidence is necessary to determine
jurisdictional facts, see Bland ISD v. Blue, 34 S.W.3d 547, 555 (Tex.
2000).

In their petition in intervention, the Rivierses
asserted that they had standing to intervene Aas more
fully detailed below [in the petition] and as set forth in Intervenors= Supporting
Affidavits.@ 
The only statement in the petition relating to their standing to file an
original suit under family code section 102.003 is their allegation that Ricci
and Jacob had voluntarily relinquished possession and control of the children
to them for at least one year, a portion of which was within ninety days
preceding the date of the petition.  A
nonparent has standing to file an original suit affecting the parent-child
relationship if he or she has had actual care, control, and possession of the
child for at least six months ending not more than ninety days preceding the
date of the filing of the petition.  Tex. Fam. Code Ann. '
102.003(a)(9).  








The trial court heard conflicting evidence on the
issue of Ricci and Jacob=s alleged voluntary
relinquishment of the children.  In their
affidavits supporting the petition in intervention, Sonja and Carlos claimed
that the children had Aresided with@ them Aoff and
on since their birth.@ 
They alleged that M.J.G. had lived with them since she was born with the
exception of one two-week period when she stayed with her parents in another
town.  As for J.J.M.G., the Rivierses
alleged that he Awas with@ them
from July to December 2005; that Ricci Abegan
leaving him@ at their house every night in
January 2006; that Ricci, Jacob, and J.J.M.G. Amoved
back@ with
them in February 2006 while Ricci and Jacob=s home
was being repaired; and that although Jacob and Ricci had separated in March,
the children Awere with@ the
Rivierses until August 3, 2006.  Sonja
testified that when she said the children had Alived
with@ them,
she meant Abeing at the house 24 hours a
day, depending on me and my husband, as much as anybody would for a parent.@  The Rivierses also point to Ricci=s
testimony that she Atook the kids away from the
house@ as
showing that the children had been voluntarily relinquished and placed with
them.[2]









Jacob, however, testified that at all times while
the children were living in the Rivierses= home,
Ricci was also living there with the childrenCand he
was as well, until he and Ricci separated and he moved out.  Jacob stated that the children were left
alone at the Rivierses= overnight only Aevery
ones [sic] in awhile@ or temporarily while Ricci was
at work.  Although Sonja claimed vaguely
that Athere
were times whenever Ricci and Jake would bring its [sic] kids in, sit them
down, not tell me where they were going, or when they would come back, and I
had the kids,@ she also admitted that during
the previous year, either one or both of the parents had stayed with the
children in the Rivierses= house except for a five-day
period from July 29 to August 3, 2006.








In their tenth point, the Rivierses challenge the
trial court=s finding of fact number five,
arguing that the trial court erred by finding that the children were not in the
Rivierses= possession for any significant
period of time and were not left with the Rivierses for a six-month period of
time.  We may consider the trial court=s
findings in our de novo review of the trial court=s
standing determination, see Palladian Bldg. Co. v. Nortex Found.
Designs, Inc., 165 S.W.3d 430, 433 n.7 (Tex. App.CFort
Worth 2005, no pet.), but we do not review the sufficiency of the evidence supporting
those findings.  Instead, we take as true
all evidence favorable to the Rivierses and indulge every reasonable inference
and resolve any doubts in their favor.  See Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex.
2004).  If the evidence creates a fact
question regarding the standing issue, then the trial court must allow the
issue to be resolved by the fact finder. 
See id.  However, if the
relevant evidence is undisputed or fails to raise a fact question on the
standing issue, then the Rivierses do not have standing to sue as a matter of
law.  See id.  Therefore, we shall review the Rivierses=
challenge to the trial court=s
finding, but only in the context of our review of the trial court=s
determination of the standing issue.

Even taking as true all evidence favorable to the
Rivierses and indulging every reasonable inference and resolving any doubts in
their favor, we decline to hold that the Rivierses had Aactual
care, custody, and control@ of the
children under these facts.  Even though
the children were living in the Rivierses= home
and the Rivierses performed day-to-day caretaking duties for the children, the
children=s
parents were also living with the children in the home, and there was no
evidence that Ricci and Jacob did not also care for the children or that Ricci
and Jacob had abdicated their parental duties and responsibilities to the
grandparents.  Accordingly, we conclude
that the Rivierses did not establish the six-month period of actual care,
custody, and control necessary to establish their standing to file an original
SAPCR petition.  We hold that the
Rivierses did not establish general standing to institute a SAPCR involving
Ricci and Jacob=s children, and we overrule the
Rivierses= tenth point.

2.     Grandparent
standing to maintain an original suit: Significant impairment of the children=s physical health or
emotional development

 

a.      The children=s
present circumstances








Section 102.004(a)(1) of the family code provides
that a grandparent has standing to file an original suit requesting managing
conservatorship if there is satisfactory proof to the court that the order
requested is necessary because the child=s
present circumstances would significantly impair the child=s
physical health or emotional development. 
Tex. Fam. Code Ann. '
102.004(a)(1).  The children=s Apresent
circumstances@ at the time that the Rivierses
filed their petition in intervention were that Ricci and Jacob were the
children=s
temporary joint managing conservators, and Ricci had the exclusive right to
designate the children=s primary residence; Sonja
Riviers testified that the children were living at that time with Ricci and her
boyfriend. 

(1)    Alleged family violence

In their seventh point, the Rivierses challenge
the trial court=s conclusion of law number five,
that possession of the children by Ricci and/or Jacob did not place the
children in danger of physical or emotional harm, immediate or otherwise,
because there was evidence of the parents=
physical altercations, both with one another and others, in the presence of the
children.  They point to testimony that
Jacob had abused Ricci Aat one point@ and
that she was afraid of him when the abuse first happened.  However, Ricci also testified that she was
not afraid of Jacob anymore and that she had never felt that he would hurt the
children or hurt her in front of the children.








The Rivierses argue that the trial court abused
its discretion by failing to grant their motion for new trial because Ricci
failed to protect the children=s
interests in the original trial by not introducing evidence of Jacob=s
violent temper.  The Rivierses argued in
their motion for new trial that newly discovered evidence, a police report of
an altercation between Jacob and Ricci=s
boyfriend, showed that the children were present.  

We review the denial of a motion for new trial
for an abuse of discretion.  In re
R.R., 209 S.W.3d 112, 114 (Tex. 2006). 
If there is a claim of newly discovered evidence, the movants must bring
forward noncumulative evidence of which they did not become aware, and could
not with the exercise of diligence have become aware, until after trial.  In re K.L.R., 162 S.W.3d 291, 311
(Tex. App.CTyler 2005, no pet.).  This newly discovered evidence must be so material
that it would probably produce a different result.  Id. In other words, the newly
discovered evidence must strongly show that the original custody order would
have a serious adverse effect on the interest and welfare of the children and
that presentation of that evidence at another trial would probably change the
result.  Id. 








Jacob admitted at the hearing that he was on
probation for assaulting Ricci=s
boyfriend.  Therefore, the police report
is merely cumulative evidence of Jacob=s fight
with Ricci=s boyfriend.  Furthermore, the police report actually
reveals that Jacob reportedly hit Ricci=s
boyfriend in a driveway outside Jacob=s sister=s
apartment, but the children were inside the apartment with Jacob=s sister
and not outside in the driveway viewing the fight.  Therefore, this report is not evidence, newly
discovered or otherwise, that the children were present during a physical
altercation involving Jacob.  We hold
that the trial court did not abuse its discretion by failing to grant the
Rivierses= motion for new trial.  Furthermore, to the extent that the Rivierses= seventh
point complains that the trial court erred by refusing to conclude that the
children=s
physical health or emotional development was significantly impaired by the
parents= physical
altercations, we overrule it.

(2)    Children=s close
relationship with grandparents








In their fourth point, the Rivierses challenge
the trial court=s finding of fact number sixCthat
they failed to show by a preponderance of credible, specific evidence that
awarding custody of the children to a parent would result in serious physical
or emotional harm to the childrenCbecause
the Rivierses claim that they proved an ongoing relationship and contact
between themselves and the children. 
While Sonja Riviers testified that she performed many Amotherly@ duties
for the children, such as bathing the children, putting them to sleep, and
buying them diapers and clothes, there was no testimony that Ricci and Jacob
did not also perform Amotherly@ and Afatherly@ duties
for the children or that the grandparent/grandchild relationship was so
essential to the children=s well-being that they would be
physically or emotionally harmed if they did not live with the Rivierses.  Accordingly, the trial court did not err by
refusing to conclude that the children=s physical
health or emotional development was significantly impaired in their present
circumstances due to their Aongoing
relationship@ with the Rivierses.  We overrule the Rivierses= fourth
point.

(3)    Children=s need
for medical care

In their statements of their first and fifth
points, the Rivierses challenge the trial court=s
finding of fact number oneCthat
they had failed to show that the children=s
present circumstances would significantly impair the children=s
physical health or emotional developmentCas well
as conclusion of law number three, that they had failed to provide credible,
specific evidence that awarding the custody of the children to a parent would
result in serious physical or emotional harm to the children.  The Rivierses assert that this finding and
conclusion are erroneous because they presented evidence of M.J.G.=s need
for reasonable and necessary medical care, and of Ricci and Jacob=s
failure to obtain it for her.  However,
their brief contains no discussion of these contentions or any citation to the
record directing us to this alleged medical evidence.








Rule 38.1(h) requires a brief to contain both
substantive analysis with regard to a point raised and citation to authorities
and the record, and the failure to include either waives an issue on
appeal.  Tex. R. App. P. 38.1(h); Huey v. Huey, 200 S.W.3d 851,
854 (Tex. App.CDallas 2006, no pet.), cert.
denied, 534 U.S. 949 (2001).  We
construe the rules of appellate procedure liberally, but an appellate court has
no duty to search a record without sufficient guidance from an appellant to
determine whether an assertion of reversible error is valid.  Dallas ISD v. Finlan, 27 S.W.3d 220,
237 (Tex. App.CDallas 2000, pet. denied).  Because the Rivierses do not point us to the
location in the record of any evidence presented to the court of M.J.G.=s need
for medical care or of her parents= failure
to take her to the doctor for necessary medical treatment, and because their
brief contains no substantive analysis on this issue, the Rivierses have not
met their responsibility to assist the court in evaluating their
contentions.  We overrule their first and
fifth points.

3.     Grandparent standing to intervene: Significant impairment of the
children=s physical health or
emotional development resulting from appointment of one or both parents as
managing conservators

 








If a grandparent does not establish the right to
intervene by showing standing to maintain an original SAPCR, section 102.004 of
the family code provides that a trial court may grant a grandparent leave to
intervene in a pending child custody suit Aif there
is satisfactory proof to the court that appointment of a parent as a sole
managing conservator or both parents as joint managing conservators would
significantly impair the child=s
physical health or emotional development.@  Tex.
Fam. Code Ann. ' 102.004(b).  We review a trial court=s
determination of a grandparent=s
standing to intervene in a pending child custody proceeding under an abuse of
discretion standard.  See id.; Whitworth,
222 S.W.3d at 621.  








When an abuse of discretion standard of review
applies to a trial court=s ruling, findings of fact and
conclusions of law aid us in reviewing the propriety of the ruling by providing
us with an explanation for the ruling.  Chrysler
Corp. v. Blackmon, 841 S.W.2d 844, 852 (Tex. 1992); Samuelson v. United
Healthcare of Tex., Inc., 79 S.W.3d 706, 710 (Tex. App.CFort
Worth 2002, no pet.).  But while findings
of fact and conclusions of law can be helpful in applying the abuse of
discretion standard, they are not required. 
Samuelson, 79 S.W.3d at 710. 
To determine whether a trial court abused its discretion, we must decide
whether it acted without reference to any guiding rules or principles; in other
words, whether the act was arbitrary or unreasonable.  See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied,  476 U.S. 1159 (1986).  Any factual issues decided by the court in
reaching the decision under review are not reviewed by legal‑ and factual‑sufficiency
standards, although when the decision under review is based on facts determined
by the court, those facts must have some support in the evidence.  Crouch v. Tenneco, Inc., 853 S.W.2d
643, 649 & n.2 (Tex. App.CWaco
1993, writ denied) (op. on reh=g).

In their second point, the Rivierses challenge
the trial court=s finding of fact number two,
that they failed to show that the appointment of either parent as sole managing
conservator or both parents as joint managing conservators at the time of the
hearing would significantly impair the children=s
physical health or emotional development, because the Rivierses claim that they
proved a close and ongoing relationship with the children.  As discussed above with regard to the
Rivierses= fourth point, the Rivierses did
not show that the grandparent/grandchild relationship was so essential to the
children=s
well-being that they would be physically or emotionally harmed if they did not
live with the Rivierses.  Accordingly,
the trial court=s finding of fact number two was
not unsupported by the evidence before the court.  We hold that the trial court did not abuse
its discretion by denying the Rivierses leave to intervene in the pending child
custody suit, and we overrule the Rivierses= second
point.

4.     Grandparent
standing to intervene: Previous award of temporary custody to grandparents

 








In their eighth point, the Rivierses challenge
the trial court=s denial of their petition for
intervention on November 13, 2006, because the trial court had awarded them
temporary custody of the children at the hearing on their request for temporary
orders ten days earlier.  They argue that
the trial court would not have granted custody to them or ordered a social
study into their home had it not believed that they had a justiciable interest
in their grandchildren.  However, the
trial court judge made clear that it was not yet taking action on the merits of
the Rivierses= intervention because he wanted
to give Ricci and Jacob the opportunity to obtain legal counsel.  He made no determination on the Rivierses=
justiciable interest in their grandchildren; instead, he merely placed the
children in their custody temporarily until a full hearing on the merits of
their claim of standing, with all parties represented by counsel, could be
held. It was only upon a full evidentiary hearing on the Rivierses=
petition in intervention that the trial court made a determination on the
Rivierses= justiciable interest in the
caseCand that
determination was that the Rivierses did not have one.  See Tex.
Fam. Code Ann. '' 102.003, .004.  We overrule the Rivierses= eighth
point.

5.     Grandparent
standing to intervene: Standard of proof








The Rivierses complain in their twelfth point
that the trial court erred by requiring them to meet a Aserious
harm@
standard of proof because they Awere
seeking, alternatively to sole managing conservatorship, joint conservatorship
with one or more parents and/or possession of the children under an order of
visitation.@[3]  They cite in support language from Brook
v. Brook, 881 S.W.2d 297, 299 (Tex. 1994), explaining that the standard
requiring proof of serious harm that would be caused by the appointment of
parent or parents contemplates a situation in which neither of the parents are
awarded custody. Therefore, the Rivierses=
argument seems to be that because one option that they were seeking was joint
managing conservatorship with Ricci and Jacob, they should not have been held
to a Aserious
harm@
standard because this arrangement is not one Ain which
neither of the parents are awarded custody.@  See id.  This argument is inapposite because, as we
have discussed, the standard applicable to the Rivierses= intervention
is whether the evidence showed that the children=s
physical health or emotional development was significantly impaired.  See Tex.
Fam. Code Ann. ' 102.004(a)(1), (b).  Regardless of whether the trial court applied
a Aserious
harm@
standard to the Rivierses= intervention, its decision to
deny the intervention was nevertheless proper under the correct Asignificant
impairment@ standard.  We overrule the Rivierses= twelfth
point.








6.     The Rivierses=
standing to intervene: Summary

In appropriate circumstances, grandparent
intervention in pending custody proceedings promotes the overriding policy in
all suits affecting the parent-child relationship, that of protecting the best
interest of the child.  See Whitworth,
222 S.W.3d at 621.  However, grandparents
do not have free rein to challenge any and all custody matters involving their
grandchildren; instead, they must show standing to maintain an original suit
involving the children or meet the family code=s
relaxed standing requirements for intervention in order to involve themselves
in the custody determination.  See
Tex. Fam. Code Ann. ''
102.003, .004; Whitworth, 222 S.W.3d at 621.  








The Rivierses did not establish standing to
maintain an original suit because they did not show that they had had actual
care, control, and possession of the children for at least six months, see Tex. Fam. Code Ann. '
102.003(a)(9), and they did not show that the children=s
present circumstances significantly impaired the children=s
physical health or emotional development. 
See id. ' 102.004(a)(1).  They also did not show that they were
entitled to intervene in the divorce/custody proceedings because they did not
provide satisfactory proof to the trial court that appointment of either or
both parents as managing conservators would significantly impair the children=s
physical health or emotional development. 
See id. ' 102.004(b).  Therefore, we hold that the trial court did
not err or abuse its discretion by denying the Rivierses=
petition in intervention.  Accordingly,
the Rivierses were properly excluded as parties to the SAPCR involving Ricci
and Jacob=s children.

B.  The Rivierses= Lack of Standing to Challenge
the 

Trial Court=s Custody Determination

 

1.     Quality of the trial court=s
findings of fact and conclusions of law 

In their eleventh point, the Rivierses claim that
the trial court erred by failing to enter findings of fact and conclusions of
law Aon which
the issues in the case at bar could be predicated.@  Specifically, the Rivierses complain that
there was no finding that the trial court=s order
denying their petition in intervention was in the best interests of the
children and that the trial court=s
findings do not contain any facts on which the ultimate issue of their right to
intervene can be predicated. 








A trial court is required to enter findings and
conclusions only on ultimate or controlling issues.  In re M.M.M., 229 S.W.3d 821, 823
(Tex. App.CFort Worth 2007, no pet.).  The controlling issue in the Rivierses=
petition in intervention was whether the Rivierses had standing to intervene in
the custody proceedings, and the trial court=s
findings and conclusions directly address this issue by stating the ultimate
reasons why the Rivierses did not satisfy the statutory requirements for
original standing or grandparent standing to intervene.  The Rivierses complain that conflicting
testimony regarding family violence was given, but the trial court was not
required to make findings specifically targeted to this evidence; findings that
simply address how or why the trial court resolved the ultimate fact in a
particular way are merely evidentiary and need not be entered.  Id.








The best interest of the child shall always be
the primary consideration of the court in determining the issues of
conservatorship and possession of and access to the child.  Tex.
Fam. Code Ann. ' 153.002 (Vernon 2002).  The relaxed standing rule for grandparent
intervention promotes this overriding policy, that of protecting the best
interest of the child.  Whitworth,
222 S.W.3d at 621.  But before the trial
court could consider the Rivierses= claim
for conservatorship of the children, the Rivierses had to establish their standing
to intervene in a suit already addressing these issues.  And because the Rivierses did not establish
their standing to intervene, the trial court was without jurisdiction to
address the Rivierses= request for conservatorship of
the children or their claims that awarding custody to them would be in the
children=s best
interests.  See Rupert v. McCurdy,
141 S.W.3d 334, 341 (Tex. App.CDallas
2004, no pet.) (holding that the trial court was without jurisdiction to
conclude that it was in the child=s best
interest to grant conservatorship to a nonparent because the nonparent had
failed to establish his standing to sue for custody).  Therefore, the absence of a finding or
conclusion on the issue of the children=s best
interests did not render the trial court=s
findings of fact and conclusions of law erroneous.  We overrule the Rivierses=
eleventh point.

2.     Points relating to ultimate custody
decision








The Rivierses= third,
sixth, and ninth points pertain to various elements of their cause of action to
be named the children=s managing conservators instead
of the children=s own parents.[4]  These points address the ultimate custody
determination that the trial court made on the merits of the case.  With our holding on the threshold issue that
the Rivierses did not have standing to intervene in the custody matter, we do
not address their third, sixth, and ninth points pertaining to the unreached
merits of their cause of action.  See,
e.g., In re J.A., 225 S.W.3d 7, 11 (Tex. App.CEl Paso
2005, pet. denied) (holding that without standing, a person may not complain of
a judgment to which he was not a party and which imposes no obligation upon
him) (citing Tex. Workers=
Compensation Ins. Fund v. Mandlbauer, 988 S.W.2d 750, 751 (Tex.
1999) (stating that an appellant may not complain of errors that merely affect
the rights of others)); Stroud v. Stroud, 733 S.W.2d 619, 620-21 (Tex.
App.CDallas
1987, no writ) (APersons who are strangers to a
judgment have no right to seek review on appeal.@).

C. 
Conclusion

Having overruled the Rivierses= points
challenging the trial court=s denial
of their petition in intervention, and having declined to address the Rivierses= points
on the merits of the trial court=s
custody determination because they did not have standing to raise them, we
affirm the trial court=s judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL F:    LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DELIVERED: February 7,
2008

 

 











[1]Ricci apparently had
retained an attorney for the divorce proceedings, but the record does not show
why the attorney did not attend this hearing.





[2]Ricci testified, 

The days that I took the
kids away from the house was not because of -- not -- saying different ways of
lifestyle, but because of every time they we [sic] would walk in, it would be
constant slander; stuff they were speaking to the children, stuff they were
saying to me in front of the children that the children do not need to hear,
and that is why I took them away from them in the first place.

 





[3]Presumably, they are
complaining of the trial court=s finding of fact number six and conclusion of
law number three, which both state that the Rivierses failed to provide
credible, specific evidence showing that Aawarding custody of the children to a parent
would result in serious physical or emotional harm to the children.@





[4]The Rivierses= third point asserts that
the trial court erred in finding that the Rivierses failed to overcome the
presumption that a parent should be appointed managing or possessory
conservator of the children; their sixth point asserts that the trial court
erred in finding that possession of the children should properly be given to
Ricci and Jacob; and their ninth point asserts that the trial court erred in
not finding that the best interests of the children would be served by awarding
care, custody, and/or control to the Rivierses.