Jerry P. BROOK, Petitioner,

v.

Bonnie L. BROOK, Lawrence Behrmann, and Barbara Behrmann, Respondents.

No. D–4530.

Supreme Court of Texas.

Argued March 9, 1994.

Decided June 2, 1994.

Rehearing Overruled Sept. 8, 1994.

---

Evelyn T. Ailts, Houston, Richard R. Orsinger, San Antonio, and William Soffar, Bellaire, for petitioner.

Michael P. Von Blon, Houston, for respondents.

Justice DOGGETT delivered the opinion of the Court, in which all Justices join.

In this child custody dispute we are concerned with the type of finding required for appointment of a parent and a nonparent to be joint managing conservators under section 14.01(b)(1) of the Texas Family Code. The trial court appointed the mother and the maternal grandparents as joint managing conservators. Like the court of appeals, 865 S.W.2d 166, we affirm.

After Jerry Brook filed for divorce in 1989, his wife Bonnie filed a counterclaim seeking appointment as sole managing conservator of their daughter or, alternatively, joint managing conservator with her parents, Lawrence and Barbara Behrmann. The trial court rendered an order pursuant to the jury's decision in favor of the latter joint managing conservatorship and determination that such appointment was in the best interest of the child.

■ When a child's parents each seek sole custody or together seek joint managing conservatorship, the trial court is to award custody based on the best interest of the child. TEX.FAM.CODE ANN. § 14.021(c), (e); *see also, e.g., Gay v. Gay,* 737 S.W.2d 94, 95 (Tex. App.—El Paso 1987, writ denied).

■ A nonparent may be named sole managing conservator, and joint custody is permitted between two nonparents or between a parent and nonparent. TEX.FAM.CODE ANN. § 14.01(a) and 14.021(b). Before a nonparent may be appointed as sole managing conservator or two nonparents as joint managing conservators, however, a higher standard must be satisfied, requiring proof that appointment of the parent or parents would significantly impair the child's health or development. TEX.FAM.CODE ANN. § 14.01(b). Specifically, Section 14.01(b)(1) provides:

A parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child unless:

1) the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development.

TEX.FAM.CODE ANN. § 14.01(b)(1) (Vernon Supp.1994). This provision codifies the long-standing presumption that "the best interest of a child is served by awarding custody to a natural parent." *Lewelling v. Lewelling,* 796 S.W.2d 164, 166 (Tex.1990).

■ Jerry argues that because joint custody between a parent and nonparent is not the appointment of a parent as "sole managing conservator or both parents ... as joint managing conservators," § 14.01(b), it can only be awarded if the requirements of sec-

tion 14.01(b)(1) are met.[1] While acknowledging that the Code is somewhat ambiguous as to the standard to be applied before joint custody between a parent and nonparent is ordered, we believe that section 14.01(b), by requiring proof of serious harm that would be caused by the "appointment of parent or parents," contemplates a situation in which neither of the parents are awarded custody.[2]

In accordance with this view, section 14.01(b)(1) has been held to apply only to those situations in which a nonparent seeks custody in lieu of a natural parent. *Connors v. Connors,* 796 S.W.2d 233, 239 (Tex.App.—Fort Worth 1990, writ denied); *see also Lewelling,* 796 S.W.2d at 167; *In re W.G.W.,* 812 S.W.2d 409, 413 (Tex.App.—Houston [1st Dist.] 1991, no writ) ("The party seeking to *bar* the natural parent from appointment as managing conservator[ ].... must prove that the appointment of the parent ... would significantly impair the child's health or emotional development."). This was noted by commentators at the time of the amendment:

1. Jerry reads a significance into this language that was not intended by the Legislature. Section 14.01(b) previously read:
    A parent shall be appointed managing conservator of the child unless ... appointment of the parent would not be in the best interest of the child....
TEX.FAM.CODE ANN. § 14.01(b) (Vernon 1986), *amended by* Act of June 20, 1987, 70th Leg., R.S., ch. 744, § 4(b), 1987 Tex.Gen.Laws 2666, 2667. Jerry's appeal is based on a modification of this section in 1987, the same year that section 14.021, providing for the appointment of joint managing conservators, was added to the Code. Yet section 14.01(b), as amended, simply replaces the reference to a parent as a managing conservator with a reference to parents as sole managing conservators or joint conservators. § 14.01(b) (effective Sept. 1, 1987). Thus, the purpose of the amendment was not to increase the difficulty for a parent to be named joint conservator with a nonparent, but to "specifically authorize a court to appoint both parents as joint managing conservators." Patricia A. Wicoff, *Joint Managing Conservatorship, The New Statute,* State Bar of Texas Advanced Family Law Course P–22 (1987); Michael D. Matheny, *Joint Managing Conservators—Legislative Forced Reasonableness,* 52 TEX. B.J. 531, 531 (1989). The appointment of both parents was apparently not a consideration in the present case.

2. While section 14.01(b)(1) is arguably subject to the interpretation that Jerry places upon it, this would require the interpolation of the following words into the statute:

[Section 14.01(b) as amended] conforms the parental preference to the new categories of sole managing conservator and joint managing conservator. The only reasons a court would not appoint a parent(s) is if the court finds significant impairment of physical health or emotional development.... This would apply only in "parent v. non-parent" cases.

Patricia A. Wicoff, *Joint Managing Conservatorship, The New Statute,* State Bar of Texas Advanced Family Law Course P–22 (1987).

■ We find further support in Section 14.021 of the Family Code for the proposition that the test for the appointment of a parent and nonparent as joint managing conservators is a best interest of the child test. As indicated above, this section provides for the appointment of a child's parents as joint managing conservators where it is in the best interest of the child. TEX.FAM.CODE ANN. § 14.021(c) and (e). It also provides that

A parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child unless:
    1) the court finds that appointment of [**either**] parent [**as sole managing conservator**] or [**both**] parents [**as joint managing conservators**] would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development.

When a statute is silent or unclear "[t]he law permits the interpolation of words ... when necessary to achieve clear intent ...; but interpolation should not be resorted to when to permit it will defeat overriding intent." *Mauzy v. Legislative Redistricting Board,* 471 S.W.2d 570 (Tex. 1971) (citations omitted). *See also Lunsford v. City of Bryan,* 156 Tex. 520, 297 S.W.2d 115 (1957), *citing State v. Standard Oil Co.,* 130 Tex. 313, 107 S.W.2d 550 (1937); *Miers v. Brouse,* 153 Tex. 511, 271 S.W.2d 419 (1954). Here, the interpolation essential to Jerry's interpretation of the statute is not necessary to achieve any clear legislative intent. Rather, since the overriding purpose of the statute is to require a heightened standard in cases where *no* parent is to be awarded any type of managing conservatorship, we believe that the initial phrase "a parent" is intended to refer to the opposite of "no parent" and does not serve to grant to each parent a right to be appointed absent a "significant impairment" finding.

"[t]he procedural and substantive standards established by this chapter apply also to a joint managing conservator who is not a parent of the child." § 14.021(j). While it is clear that neither of two nonparents seeking joint custody could take advantage of these subsections in order to escape the heightened standard required for their appointment under § 14.01(b), we conclude that subsections (c), (e) and (j) together do provide for a best interest test where, as here, a nonparent seeks to share joint custody with a parent.

The purpose of the statute, to codify the preference for giving custody to a parent, has been met in the present case. The fact that a nonparent shares custody does not detract from the fact that one of the child's parents does have custody. The trial court did not err in failing to demand satisfaction of any more demanding standard. The court of appeals correctly affirmed the trial court's judgment,[3] and we affirm the judgment of the court of appeals.

---

**3.** We also reject Jerry's arguments that the court of appeals should have detailed evidence in support of the judgment, *Ellis County State Bank v. Keever,* 37 Tex.Sup.Ct.J. 783, 785–86, (May 11, 1994), that the trial court abused its discretion in permitting the testimony of one witness, and that there was no legally sufficient evidence to support the jury verdict.