Affirmed and Memorandum Opinion filed October 23, 2007








Affirmed and Memorandum Opinion filed October 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00972-CV

____________

 

BRIAN K. HEISKELL, Appellant

 

V.

 

KENNITH AND SHERI KENDRICK, Appellees

 



 

On Appeal from the 311th
District Court

Harris County, Texas

Trial Court Cause No. 2005-06801

 



 

M E M O R A N D U M   O P I N I O N

Brian Heiskell appeals the custody award pursuant to a
decree of divorce rendered in the matter of the marriage of Brian Heiskell and
Misty Heiskell and in the interest of their minor children.  The challenged
order appoints the maternal grandparents joint managing conservators of the
children.  We affirm.  

I.  BACKGROUND








Brian
Heiskell (AFather@) and Misty Heiskell (AMother@) were married on March 14, 1998.  Two children were born of
this marriage on September 14, 1998 and June 18, 2001.  The marriage was a
turbulent one.  Mother made several allegations against Father of verbal and
physical abuse during the marriage.  Father made similar allegations against
Mother and claimed that Mother was  promiscuous.   Mother and Father separated
in October 2003.  Upon their separation, Mother and Father voluntarily left the
two children in the care of the maternal grandparents, appellees, who reside in
Sweetwater.  Mother stayed in Houston while Father moved to Harlingen. 
Thereafter, the children returned to stay with Mother in Houston for
approximately eight months.  The children have been in the constant care of
appellees since November 2004.  

Mother
filed for divorce in February 2005, requesting that she be appointed sole
managing conservator of the children.  Father filed his counter-petition two
months later and also requested to be appointed sole managing conservator of
the children.  In December 2005, appellees filed an intervention alleging that
appointment of Father and Mother as joint managing conservators would not be in
the best interest of the children and requesting appointment as joint managing
conservators of the children.  Following a bench trial held on May 22, 2006,
the district court appointed appellees joint managing conservators and Father
and Mother possessory conservators with corresponding periods of possession.  

Father
presents two issues for review in this appeal.  He argues that (1) appellees
failed to prove that his appointment as managing conservator would
significantly impair the children=s physical health or emotional development
and (2) appellees failed to satisfy the higher standard of proof required to
rebut the parental presumption that appointment of Father as managing
conservator is in the best interest of the children. We will address each issue
in turn.

II.  ANALYSIS

A. 
Standards of Review








When
courts resolve questions regarding conservatorship, the best interest of the
child is the primary consideration.  Tex.
Fam. Code Ann. ' 153.002 (Vernon 2002).  Moreover, the trial judge has wide
latitude in determining best interest.  Gillespie v. Gillespie, 644
S.W.2d 449, 451 (Tex. 1982).  Indeed, we cannot interfere with the trial court=s ultimate decision unless we
conclude that it abused its discretion.  In the Interest of Doe, 917
S.W.2d 139, 141 (Tex. App.CAmarillo 1996, writ denied).  Generally, the test for abuse
of discretion is whether the trial court acted without reference to any guiding
rules and principles or whether the trial court acted arbitrarily and
unreasonably.  See McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex.
1995).  Under an abuse of discretion standard, legal and factual insufficiency
are not independent grounds of error, but rather are relevant factors in
assessing whether the trial court abused its discretion.  In re T.J.L.,
97 S.W.3d 257, 266 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  There is no abuse of
discretion as long as some evidence of a substantive and probative character
exists to support the trial court=s decision.  Id.

In a
sufficiency review, appellate courts apply a hybrid analysis because sufficiency
of the evidence and abuse of discretion standards of review often overlap in
family law cases.  See In re D.S., 76 S.W.3d 512, 516 (Tex. App.CHouston [14th Dist.] 2002, no pet).
Within this overarching standard, we engage in a two-pronged inquiry to
determine whether the trial court (1) had sufficient information on which to
exercise its discretion and (2) erred in its application of discretion.  Zeifman
v. Michels, 212 S.W.3d 582, 588 (Tex. App.CAustin 2006, pet. denied).  The
traditional sufficiency review comes into play with regard to the first
question, and those standards are discussed below.  See id.  With regard
to the second question, we determine whether, based on the elicited evidence,
the trial court made a reasonable decision.  Id.  Thus, we resolve the
second question by determining whether the trial court=s findings constitute an abuse of
discretion.  The mere fact that a trial judge may decide a matter within his
discretion in a different manner than appellate judge in a similar circumstance
does not demonstrate that an abuse of discretion has occurred.  Whitworth v.
Whitworth, 222 S.W.3d 616, 623 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  








B.  Legal
and Factual Sufficiency

In
appellant=s first issue, he argues that the evidence presented at trial is not
legally or factually sufficient to support the trial court=s decision to appoint appellees joint
managing conservators based on its implied finding that Father=s appointment would significantly
impair the physical health or emotional development of the children.  The evidence is
legally insufficient only if (1) the record discloses a complete absence of
evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence establishes conclusively the opposite of a vital
fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998).  In determining whether there is legally sufficient evidence to support
the trial court's exercise of discretion, we consider evidence and inferences
favorable to the finding if a reasonable factfinder could, and disregard
evidence contrary to the finding unless a reasonable factfinder could not.  City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); In Re H.C. &
S.C., 942 S.W.2d 661, 664 (Tex. App.CSan Antonio 1997,
no writ).  In analyzing a challenge to the factual sufficiency of the evidence,
we examine the entire record to determine if the trial court=s finding is so
against the great weight and preponderance of the evidence as to be manifestly
unjust.  See In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); Manon v. Tejas
Toyota, Inc., 162 S.W.3d 743, 752-53 (Tex. App.CHouston [14th
Dist.] 2005, no pet.). 








Next, in
analyzing whether to appoint a parent or nonparent as managing conservator,
statute requires the court to presume that appointing a biological parent is in
the best interest of the child.  See Tex.
Fam. Code Ann. ' 153.131(a) (Vernon 2001).  Consequently, this parental
presumption imposes a heavy burden on a non-parent seeking conservatorship.  See
Lewelling v. Lewelling, 796 S.W.2d 164, 167 (Tex. 1990).  It is not
adequate to offer evidence that a nonparent would be a better custodian of the
child.  Id.   Still, this parental presumption is rebuttable.  For
instance, proof that such an appointment would significantly impair the child=s physical health or emotional
development negates the parental presumption, as does a finding of a history of
family violence involving the parents of a child.  See Tex. Fam. Code Ann. '' 153.131(a), 153.131(b),153.004(b)
(Vernon 2001).          In the instant case, we must determine whether
there was sufficient evidence to support the trial court=s implied finding
(1) that appointing Father as managing conservator would significantly impair
the children=s physical health or emotional development or (2) that
there exists a history of family violence involving the parents of the
children.[1] 
See id.

1.       Impairment
to Children=s Physical Health or Emotional
Development Under Section 153.131       

For the
court to award managing conservatorship to a nonparent under section 153.131,
the nonparent must prove by a preponderance of credible evidence that
appointing the parent as a managing conservator would result in serious
physical or emotional harm to the child.  Whitworth, 222 S.W.3d at 623. 
There must be evidence to support the logical inference that some specific,
identifiable behavior or conduct of the parent will probably cause that harm.  Id. 
In essence, section 153.131 presumes that the best interests of a child is
served when a biological parent is appointed managing conservator unless there
is evidence that the biological parent has engaged in specific acts that would
impair the child=s physical health or emotional development. 








Father
alleges that there is insufficient evidence to support the implied finding that
his appointment as managing conservator would impair the children=s physical health or emotional
development.  Specifically,
he argues that the evidence presented at trial was insufficient to rebut the
parental presumption under section 153.131.  In support of his argument, Father
cites excerpts from the testimony at the divorce proceeding to the effect that
(1) he was never convicted of a crime involving family violence; (2) he removed
himself from a volatile situation with Mother and began counseling to deal with
his violent outbursts; (3) he has not been involved in any physical altercation
since June 2004; (4) he has maintained health insurance on the children; (5) he
has exercised possession and  access to the children during the pendency of the
divorce; and (6) he has made some child support payments to Mother and
appellees.  Relying on May v. May, 829 S.W.2d 373, 377-78 (Tex. App.CCorpus Christi
1992, writ denied), Father contends that the material time concerning fitness
for child custody is the present, not the past; the fact that the parent would
not have been a proper custodian sometime in the past is not controlling. 

Though
highly disputed by Father, there is evidence that awarding Father managing
conservatorship would significantly impair the children=s physical health or emotional
development.  Specifically, there is evidence that Father physically attacked
Mother on a number of occasions, one of which transpired while the daughter was
in harm=s way.  Father made only sporadic
visits to the children following the separation (ten visits over two years and
seven months) and has failed to provide adequate financial support for the
children.  Additionally, Mother and appellees testified that the son has
exhibited violent behavior towards his sister, Mother, and appellees,
indicating that such violence was acceptable because ADaddy did it.@  The violent behavior diminished
after the child was placed in the care of appellees.  There is evidence that
Father accepted money from a man in consideration for his wife=s Acompanionship.@[2]  See Whitworth, 222 S.W.3d at
623 (stating that an adult=s future conduct may be somewhat determined by recent past
conduct.).  








An abuse
of discretion does not occur as long as some evidence of a substantive and
probative character exists to support the trial court=s decision.  Id.  We find that there
is sufficient evidence to support the trial court=s implied finding
that appointing Father as managing conservator would significantly impair the
children=s physical health
or emotional development.

2.         Finding of a History of
Family Violence Under Sections 153.131(b) and 153.004(b) 

A
finding of a history of family violence also rebuts the section 153.131
parental presumption that the appointment of a parent as the sole managing
conservator of a child or as the conservator who has the exclusive right to
determine the primary residence of a child is in the best interest of the
child.  See Tex. Fam. Code Ann. ' 153.131(b).  The presumption is
rebutted if sufficient evidence is presented showing a history or pattern of
past or present child neglect, or physical abuse by that parent directed
against the other parent, a spouse or a child.  Tex. Fam. Code Ann. ' 153.004(b).  

In the
instant case, there is sufficient evidence to support a finding of a history of
family violence.  See Tex. Fam.
Code Ann. ' 71.004 (Vernon 2002) (family violence is an act by a member
of a family against another member of the family that is intended to result in
physical harm, bodily injury, assault or that is a threat that reasonably
places the member in fear of imminent physical harm, bodily injury or
assault).  There was testimony that Father physically attacked Mother on a
number of occasions during the marriage.  One such attack led to a thirty-day
deferred adjudication of guilt and a magistrate order for emergency protection
against Father.  At least one of the physical altercations occurred while the
daughter was endangered.  It is undisputed by Father that he made an oral
threat to beat his wife to death.  All of these incidents occurred within two
years of the divorce action.  See Tex.
Fam. Code Ann. ' 153.004 (in determining whether to appoint a party a
managing conservator, the court shall consider evidence of the intentional use
of abusive physical force by a party against the party=s spouse committed within a two-year
period preceding the filing of the suit).  There is sufficient evidence to support
the trial court=s implied finding of a history of family
violence to rebut the parental presumption.








Considering
the evidence and inferences in favor of the finding, we find the evidence to be
legally sufficient to support the trial court=s decision.  Additionally, we find
that the evidence is not so against the great weight and preponderance of the
evidence to be manifestly unjust. We find that (1) there is sufficient evidence
that Father=s appointment as managing conservator would significantly impair the
children=s physical health or emotional
development and (2) there is sufficient evidence to support the court=s implied finding of a history of
family violence involving the parents and the children.  This evidence negates
the parental presumption.  Under the applicable standard of review, we find the
evidence is legally and factually sufficient to support the trial court=s decision.  We overrule Father=s first issue.  

C.  Best
Interest Test

In
Father=s second issue, he contends that the
trial court abused its discretion in finding that appellees successfully
rebutted the presumption that his appointment as managing conservator was in
the best interests of the children.  Specifically, he argues that appellees
failed to meet the Ahigher standard@ of proof required to rebut the
parental presumption.








In 1995, the Texas Legislature substantially revised
to the Texas Family Code regarding the parental presumption and family violence
in custody cases.  Father argues that when a non-parent is appointed managing
conservator, the court must apply a higher standard to determine the best
interests of the child.  He attempts to support his contention that the
standard Abest interests@
test is inappropriate in this case based on Brooks v. Brooks, 881 S.W.2d
297, 298 (Tex. 1994).  He argues that Brooks imposes a higher level of
analysis under section 14.07 in cases awarding custody to a nonparent.  We note
that section 14.07 was repealed in 1995.  Act of May 10, 1991, 72nd Leg., R.S., ch. 161,  ' 3, 1991 Tex. Gen. Laws 771, repealed
and recodified by Act of April 6, 1995, 74th Leg., R.S., ch. 20, 1995 Tex.
Gen. Laws 113.  Even under the former
section 14.07, the higher standard outlined in Brooks is essentially the
current parental presumption under the new section 153.131(a).  See Brooks,
881 S.W.2d at 298 (holding that before appointing a non-parent sole
conservatorship, there must be proof that Aappointment
of the parent would significantly impair the child=s health or emotional development@).  It is undisputed that statute requires primary
consideration of the best interest of the child in determining the issues of
conservatorship and possession of and access to the child.  See Tex. Fam. Code Ann. ' 153.002.  There is no authority imposing a different
test or higher standard to be applied to a custody case awarding non-parents
sole managing conservatorship and biological parents possessory
conservatorship.  We hold that the trial court did not abuse its discretion in
finding that appointment of appellees as managing conservators is in the best
interest of the children. We overrule Father=s
final issue.

 

We affirm the judgment of the trial court.

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed October 23, 2007.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The record does not contain an explicit affirmative
finding by the trial court that (1) appointment of Father as managing
conservator would significantly impair the children=s physical health or emotional development or (2)
there exists a history of family violence.  We do note, however, that the trial
court made an oral finding during the divorce trial that Aall Family Code requirements for the Court to make
t[he conservatorship] appointments have been satisfied by the evidence
presented in the course of this trial.@ 
The final decree of divorce also states AThe
Court finds that all requirements of the Family Code, necessary to award
custody of the children to Intervenors, have been met.@ 





[2]    Mother testified at trial that Father Apimped@ her out to a
Mr. Ward.  Mother indicated that Mr. Ward and Father met in person and made an
agreement wherein for Mr. Ward=s payment of
$15,000, Father would allow Mr. Ward to spend time with Mother while Mr. Ward=s wife was out of town. Father testified that he took
the money from Mr. Ward because it was Aeasy
money,@ but denied that he entered into such an agreement to
prostitute his wife.